| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Denver County District Court<br> 1437 Bannock Street<br> Denver, CO 80202<br> (720) 865-7800 | DATE FILED: September 9, 2022 1:05 PM<br>FILING ID: C59A6C27F2C66<br>CASE NUMBER: 2022CV32605 |
| Plaintiff:<br><br>**JACK R. WATSON**<br><br>v.<br><br>Defendants:<br><br>**RANDY L. AMYS, individually; WALMART TRANSPORTATION LLC, a foreign limited liability company; and WALMART, INC., a foreign corporation.** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>Donald G. Moore, #_____<br>Deisch, Marion & Klaus, PC<br>851 Clarkson Street<br>Denver, Colorado 80218<br>(303)837-1122<br>Don_Moore@Deisch-Marion.com<br>*Local Counsel*<br><br>Daniel P. Mallove, WSBA #13158<br>Law Office of Daniel P. Mallove, PLLC<br>2003 Western Avenue, Suite 400<br>Seattle, WA 98121<br>(206) 239-9933<br>dmallove@dpmlaw.com<br>*Lead Counsel – Pro Hac Vice Motion to be Filed* | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW plaintiff, Jack R. Watson, by and through his attorneys, Donald G. Moore and Daniel P. Mallove, and for this Civil Complaint against Defendants Randy L. Amys, Walmart Transportation, LLC, and Walmart, Inc., alleges and avers as follows:

1

Exhibit A

1. At times relevant to this action, Plaintiff Jack R. Watson was a resident of Williams Lake, British Columbia, Canada.

2. Upon information and belief, Defendant Randy L. Amys currently resides at 8793 Longspeak Circle, Windsor, Colorado 80550, and at all times material hereto, was an employee of defendants Walmart Transportation, LLC, and/or Walmart, Inc., and was acting within the scope of that employment.

3. Upon information and belief, Defendant Walmart Transportation, LLC, is a foreign limited liability company doing business in Denver County, Colorado, and was engaged in the business of commercial trucking.

4. Upon information and belief, Defendant Walmart, Inc., is a foreign corporation doing business in Denver County, Colorado, and was engaged in the business of commercial trucking.

5. Venue is proper in the District Court of Denver County Colorado, pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 5 of this Civil Complaint and Jury Demand as if set forth verbatim.

7. On or about December 5, 2019, at approximately 6:35 a.m., plaintiff Jack R. Watson was driving a 2018 Freightliner tractor-trailer southbound on Interstate 25 in the right lane in Berthoud, Weld County, Colorado.

8. At the same place and time, defendant Randy L. Amys was driving a 2020 Freightliner tractor-trailer, owned by defendants Walmart Transportation, LLC, and/or Walmart, Inc., southbound on Interstate 25 in the left lane.

9. At approximately Milepost 250, plaintiff Jack R. Watson checked his left side view mirror and saw the Walmart 2020 Freightliner tractor-trailer operated by defendant Randy L. Amys in the lane to his left approaching at a higher rate of speed.

10. Traffic was heavy and defendant Randy L. Amys was unable to adequately slow his tractor-trailer and suddenly and without warning veered into plaintiff Jack R. Watson's lane of travel.

11. The right side of the Walmart 2020 Freightliner tractor-trailer operated by defendant Randy L. Amys collided into the left side of plaintiff's tractor-trailer.

12. The force of the collision pushed plaintiff's tractor-trailer off the right side of the highway and into the concrete barrier. Both tractor-trailers were substantially damaged in the collision and had to be towed from the scene.

13. At the time of the collision, defendant Randy L. Amys failed to keep a safe distance between himself and plaintiff's tractor-trailer.

14. At the time of the collision, defendant Randy L. Amys failed to keep a proper look out.

15. At the time of the collision, defendant Randy L. Amys failed to reasonably control the speed of his vehicle.

16. Weather conditions did not contribute to the cause of the collision.

17. The collision into plaintiff's vehicle was caused as a result of defendant Randy L. Amys' failure to pay attention.

18. The collision into plaintiff's vehicle was caused as a result of defendant Randy L. Amys being distracted while driving.

19. The collision into plaintiff's vehicle was caused as a result of defendant Randy L. Amys driving carelessly, aggressively, and negligently.

20. Plaintiff was not comparatively negligent in causing the collision described above.

21. Plaintiff was not comparatively negligent in causing the injuries he suffered as a result of the collision described above.

22. The collision described above was caused by the negligence of defendant Randy L. Amys.

23. As the owner of the subject 2020 Freightliner tractor-trailer and the employer of defendant Randy L. Amys, defendants Walmart Transportation, LLC, and Walmart, Inc., are vicariously liable for the negligence of defendant Randy L. Amys.

24. As a direct and proximate result of the collision described above, plaintiff suffered damages.

25. As a direct and proximate result of the collision described above, plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries.

26. As a direct and proximate result of the collision described above, plaintiff incurred in the past, and will continue to incur into the future, income loss and diminished earning capacity.

27. As a direct and proximate result of the collision described above, plaintiff incurred out of pocket expenses, property damages, and other expenses.

28. As a direct and proximate result of the collision described above, plaintiff incurred non-economic damages including, but not limited to, pain and suffering, disability, inconvenience, emotional distress, and impairment to quality of life.

29. As a direct and proximate result of the collision described above, plaintiff suffers from lasting physical impairment.

## FIRST CLAIM FOR RELIEF
**Negligence of Defendant Randy L. Amys Causing Personal Injury to Plaintiff**

30. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 29 of this Civil Complaint and Jury Demand as if set forth verbatim.

31. Defendant Randy L. Amys owed plaintiff a duty to exercise reasonable care in the operation of the Walmart 2020 Freightliner tractor-trailer at the time of the collision.

32. Defendant Randy L. Amys breached his duty to plaintiff to exercise reasonable care in the operation of the Walmart 2020 Freightliner tractor-trailer at the time of the collision.

33. Defendant Randy L. Amys' breach of duty described above directly and proximately caused plaintiff to suffer damages.

34. Defendant Randy L. Amys' breach of duty described above directly and proximately caused plaintiff to incur past and future medical, lost wages, and other health care and rehabilitation expenses for injuries.

35. Defendant Randy L. Amys' breach of duty described above directly and proximately caused plaintiff to suffer past and future non-economic damages including, but not limited to, pain and suffering, disability, inconvenience, emotional distress, and impairment to quality of life.

36. Defendant Randy L. Amys' breach of duty described above directly and proximately caused plaintiff to suffer lasting physical impairment.

## SECOND CLAIM FOR RELIEF
**Negligence Per Se of Defendant Randy L. Amys Causing Personal Injury to Plaintiff**

37. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 36 of this Civil Complaint and Jury Demand as if set forth verbatim.

38. When defendant Randy L. Amys operated the Walmart 2020 Freightliner tractor-trailer in such a manner as to cause the collision described above, defendant Randy L. Amys violated several municipal ordinances and Colorado statues including, but not limited to the following:

   a. C.R.S. § 42-4-1402(1) (Careless Driving);
   b. C.R.S. § 42-4-1402(2) (Careless Driving Causing Bodily Injury); and
   c. C.R.S. § 42-4-1007 (Unsafe Lane Change).

39. Plaintiff is a member of the class for whose protection the ordinances and statutes referenced above were enacted.

40. The collision described above and the injuries and damages plaintiff suffered as described above are the type of injuries and damages sought to be prevented by the passage of the above-mentioned statutes.

41. Defendant Randy L. Amys' ordinance and statutory violations referenced above directly and proximately caused each of the plaintiff's injuries and damages as described above.

42. As a direct and proximate result of the ordinance and statutory violations referenced above, plaintiff suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical, past and future income loss, out of pocket expenses, property damage, and other health care and rehabilitation expenses for injuries.

43. As a direct and proximate result of the ordinance and statutory violations referenced above, plaintiff suffered past and future non-economic damages including, but not limited to, pain and suffering, disability, inconvenience, emotional distress, and impairment to quality of life.

44. As a direct and proximate result of the above-mentioned statutory violations, plaintiff suffers lasting physical impairment.

Exhibit A

### THIRD CLAIM FOR RELIEF
### Negligence of Defendants Walmart Transportation, LLC, and Walmart, Inc.
### Causing Personal Injury to Plaintiff

45. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 44 of this Civil Complaint and Jury Demand as if set forth verbatim.

46. As the owner of the subject 2020 Freightliner tractor-trailer and the employer of defendant Randy L. Amys, defendants Walmart Transportation, LLC, and Walmart, Inc., are vicariously liable for the negligence of defendant Randy L. Amys and for all damages sustained by plaintiff as described in paragraphs 24-29 above.

### JURY DEMAND

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff Jack R. Watson prays for Judgment against defendants Randy L. Amys, Walmart Transportation, LLC, and Walmart, Inc., in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem proper.

DATED: September ___, 2022.

Respectfully submitted,

DEISCH, MARION & KLAUS, PC

*/s/ Donald G. Moore*
Donald G. Moore, #_____
Attorney for Plaintiff

LAW OFFICE OF DANIEL P. MALLOVE, PLLC

*/s/ Daniel P. Mallove*
Daniel P. Mallove, WSBA #13158
Attorney for Plaintiff

Plaintiff's address:
c/o Deisch, Marion & Klaus, PC
851 Clarkson Street
Denver, Colorado 80218
(303) 837-1122